UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEOFFREY J. PETZEL | ) | **FILED** |
| Plaintiff, | ) | |
| | ) | NOV 01 2016 TM |
| v. | ) | THOMAS G. BRUTON |
| | ) | CLERK, U.S. DISTRICT COURT |
| KANE COUNTY DEPARTMENT OF | ) | Case: 1:16-cv-05435 |
| TRANSPORTATION and KANE COUNTY | ) | |
| FOREST PRESERVE DISTRICT and | ) | Hon. John W. Darrah |
| DUNDEE TOWNSHIP PARK DISTRICT | ) | |
| And SECRETARY RANDALL BLANKENHORN | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| TRANSPORTATION and DIRECTOR WAYNE | ) | |
| ROSENTHAL ILLINOIS DEPARTMENT OF | ) | |
| NATURAL RESOURCES and FEDERAL HIGHWAY | ) | |
| ADMINISTRATION and UNITED STATES | ) | |
| DEPARTMENT OF TRANSPORTATION and | ) | |
| ANTHONY FOXX, SECRETARY, US DEPT OF | ) | |
| TRANSPORTATION and SALLY JEWEL, | ) | |
| SECRETARY, UNITED STATES DEPARTMENT OF | ) | |
| INTERIOR and NATIONAL PARK SERVICE | ) | |
| Defendants | ) | |

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), plaintiff Geoffrey Petzel respectfully submits this motion for a temporary restraining order and preliminary injunction prohibiting Defendants, particularly Defendant Kane County Division of Transportation, Illinois Department of Transportation and its Secretary Randall Blankenhorn and Federal Highway Administration from taking further action to advance certain key activities in connection with the proposed Longmeadow Parkway, including the issuance or sale of revenue bonds, entering into any construction contracts, acquiring additional right of way, clearing of trees or vegetation, or beginning any ground-disturbing activities, in connection with the project, pending a final ruling on the merits. In support of his Motion, Plaintiff incorporates by reference the arguments and materials submitted in connection with the Motion for Temporary Restraining Order and Preliminary Injunction, ("Motion"), including the Memorandum of Law and Appendix of Exhibits, and respectfully shows the Court the following:

1.      This action challenges violations of the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4321 et seq., in connection with Defendants' decision to authorize, fund, seek permits for and otherwise advance construction of the Longmeadow Parkway project. The proposed 5.6 mile highway and bridge project would constitute a new controlled-access toll bridge (portions to be tolled) from IL Route 62 in Barrington Hills, Kane County Illinois to Huntley Road in Algonquin, Kane County Illinois. The project is expected to cost approximately $115 million. As explained below and as set out more fully in the memorandum in support of this motion, Defendants have re-opened the NEPA process by conducting an Environmental Re-Evaluation and are awaiting a decision by the Federal Highway Administration regarding the

2

need to prepare a supplemental environmental impact statement. Defendants have also commenced construction on Phase One of the highway project and have begun utility work on Phase Two and commenced additional land acquisition activities even while the Federal Highway Administration decision is pending.

2.      The lawsuit is prompted by the deficient Final Environmental Impact Statement ("FEIS") and subsequent failure to prepare the legally required Re-Evaluation documents. These documents are to be prepared as the prerequisite decision making tool and public disclosure document to decide whether and how to move forward with the project, and if so, in what form and location. The FEIS was prepared by the Kane County Division of Transportation ("KCDOT") and Federal Highway Administration ("FHWA"). The Record of Decision ("ROD") issued by FHWA in 2002, approving the FEIS, is a precursor under federal law to the further development of the toll highway including permitting, financing and construction of the project.

3.      Plaintiff submitted comments on the inadequacy of the FEIS numerous times over the last 19 years of project development including during the most recent public comment period where Plaintiff submitted 676 pages of comments and exhibits on September 2, 2016 regarding the need to prepare a Supplemental EIS.

4.      Plaintiff filed this action on May 20th, 2016, requesting injunctive relief and a declaratory judgment that Defendants violated the National Environmental Policy Act (among other statutory violations) by preparing an incomplete, misleading and inaccurate FEIS that fails to analyze a range of practical project alternatives and their relative direct and indirect impacts on the environment, and that wholly fails as a decision making or public disclosure document. Plaintiff also alleges that Defendants have violated NEPA by not preparing a Supplemental Environmental Impact Statement thus avoiding their legal responsibilities and by failing to

adequately analyze and disclose the environmental impacts of the proposed project, and, by failing in their obligation to inform the public about potential impacts of the project by intentionally or negligently ignoring project changes and environmental impacts that were brought to Defendants attention.

5.      On or about July 29, 2016 the Kane County Division of Transportation and Federal Highway Administration released a new Environmental Assessment for the Longmeadow Parkway project- nearly 7 years after the prior Environmental Assessment was prepared- 4 years after the statutory deadline for preparing a new Environmental Assessment.

6.      On August 30, 2016 the Kane County Division of Transportation held a public hearing on the newly released Environmental Assessment. Plaintiff provided oral comments during the hearing.

7.      Plaintiff also submitted 676 pages of written comments on September 2, 216 regarding the environmental assessment and a need to prepare a supplemental environmental impact statement.

8.      The public comments and Environmental Evaluation for the project are under review by the Federal Highway Administration. FHWA may require a supplemental EIS to be created as a result of the significant changes to the project.

9.      On August 30, 2016 local residents were notified by Community Unit School District 300 that utility work related to Phase 2 of the Longmeadow Parkway project would be commencing. Such utility work has since been started.

10.     On September 30, 2016 the Illinois Department of Transportation published a notice in the local newspaper regarding their intent to commence condemnation proceedings to acquire additional right of way.

11.     Plaintiff Kane County Division of Transportation has also indicated that additional work, including tree clearing for Phase 2 of the project is planned for the late fall and winter of 2016/2017.

12.     On Oct. 5 2016, the Kane County Executive Committee agreed to enter into numerous contracts for construction and construction engineering services.

13.      If the Defendants are allowed to move forward with the schedule for financing and constructing the toll highway project, there is great danger that if, after an order on the merits, they are required to revisit the NEPA process, they inevitably will be biased in favor of this hugely expensive and environmentally destructive toll highway as the preferred alternative, even after a revised, objective and complete supplemental EIS is prepared. Defendants must therefore be restrained from further action pending a ruling on the merits of Plaintiffs' case.

14.     The standards for issuing a temporary restraining order are identical to those for a preliminary injunction. As this Court has ruled previously, in seeking temporary relief, the primary consideration in the analysis is the relative balance of harm between the parties.

15.     As explained more fully in the memorandum submitted in support of this motion, a temporary restraining order and a preliminary injunction are appropriate because immediate and irreparable harm will result to the Plaintiff in the absence of injunctive relief, including (a) environmental harm resulting from the construction of the road and (b) the impermissible biasing of the Defendants in favor of construction of the Longmeadow Parkway in the event this Court

enjoins such development after a full hearing on the merits of this action and remands this matter

to the FHWA and KCDOT for further environmental investigation (i.e., the "bureaucratic

steamroller" effect).

16.     Further, as indicated in the supporting memorandum and exhibits, Plaintiff has shown

that Defendants will not be significantly harmed from the enjoining of further development of

the Longmeadow Parkway project for a few months while the Court considers this matter on the

merits, and that, therefore, the balance of hardships tips in favor of Plaintiff and issuance of such

an injunction.

17.     Also as indicated in the supporting memorandum and exhibits, Plaintiff has shown that

they have a substantial likelihood of prevailing on the merits or, at a minimum, that grave or

serious questions regarding the merits of their claims have been raised, and that the public

interest favors issuance of the requested injunctive relief.

18.     Plaintiff respectfully submits that, in view of the circumstances of this case, no bond

should be required. If one is required, it should be nominal. See *Bragg v. Robertson*, 54

F.Supp.2d 635, 652 (S.D.W.Va. 1999) ("[I]t is common for courts in environmental cases

brought by environmental groups or individuals with limited means, particularly in NEPA cases,

to require little or no security").

19.     Plaintiff has filed this motion and supporting memorandum of law with the court, and

served them on Defendants and their counsel, via CM/ECF, where a notice of appearance has

been filed, or by certified mail otherwise, as of the date noted below.

WHEREFORE, Plaintiff respectfully requests that:

1.     The Court issue a temporary restraining order that enjoins Defendants from proceeding with any major step to advance the construction of the Longmeadow Parkway, including but not limited to, issuance or sale of revenue bonds, additional right-of-way acquisition, the pursuit of environmental permits, execution of construction contracts, site preparation and any construction activities. Plaintiffs request that this order remain in effect pending a hearing and ruling on the motion for preliminary injunction.

2.     The Court set this matter on for expedited briefing and a court hearing including oral argument at dates and times certain on Plaintiffs' request for a preliminary injunction as soon as practicable; and

3.      The Court enter a preliminary injunction that enjoins Defendants from proceeding with the major activities to advance the Longmeadow Parkway project identified in paragraph one, above, until a hearing and ruling on the merits.

4.     The Court grant such other and further relief as is just and proper.

Respectfully submitted this 1st day of November 2016.

/s/ Geoffrey J. Petzel

Geoffrey J. Petzel
gpetzel@yahoo.com
847-770-1176
695 Windemere Lane
Lake Zurich, IL 60047

*Pro Se Plaintiff*

7